OPINION
PER CURIAM.
Juan J. Wood, Jr. petitions for review of an order of the final administrative order of the Department of Homeland Security, Immigration and Customs Enforcement, ordering him removed to Panama. For the reasons that follow, we will deny the petition.
In 1993, Wood was convicted of conspiracy to manufacture a controlled substance in violation of 21 U.S.C. § 846 and attempt to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 and § 841(a)(1). In July 2008, Wood filed a Form N-600 application for a *735 certificate of citizenship based on his birth in 1970 in the Panama Canal Zone and the United States citizenship of his mother. In September 2008, the application was denied because Wood had not shown that either of his parents were United States citizens at the time of his birth. On May 18, 2009, a Final Administrative Removal Order was issued on the basis that Wood is an alien with an aggravated felony conviction. See 8 U.S.C. § 1227(a)(2)(A)(iii) and § 1228(b). (A.R.001.) Before us is Wood’s petition for review.[1]
Although 8 U.S.C. § 1252(a)(2)(C) provides that no court has jurisdiction to review a final order of removal against an alien who is removable for having committed an “aggravated felony” as defined by statute, the REAL ID Act provides that nothing in 1252(a)(2)(C) “which eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon petition for review filed with an appropriate court of appeals in accordance with this section.” 8 U.S.C. § 1252(a)(2)(D). Under 8 U.S.C. § 1252(b)(5)(A), we have jurisdiction to review a claim of nationality if there is no genuine issue of material fact with respect to that claim. The parties do not dispute the underlying facts of the case. We exercise plenary review over Wood’s claims. Jordon v. Attorney General, 424 F.3d 320, 328 (3d Cir.2005).
Wood challenges the removal order claiming that he is a United States citizen by virtue of his birth in the Panama Canal Zone. Wood’s claim is governed by 8 U.S.C. § 1403(a), which provides that “[a]ny person born in the Canal Zone on or after February 26, 1904, and whether before or after the effective date of this Act, whose father or mother or both at the time of the birth of such person was or is a citizen of the United States,” is declared to be a United States citizen. Wood does not dispute that at the time of his birth in Panama, neither one of his parents was a United States citizen.[2] Accordingly, he did not acquire United States citizenship at birth under 8 U.S.C. § 1403(a).[3] He is thus removable due to his aggravated felony conviction. See 8 U.S.C. § 1227(a)(2)(A)(iii) and § 1228(b).
Because this petition for review presents no “substantial question,” we will grant the government’s motion for summary action and summarily deny the petition for review. See Third Circuit LAR 27.4 and I.O.P. 10.6. Wood’s motions for a stay of removal and to expedite issuing a stay of removal are denied as moot.

.Wood filed a petition under 28 U.S.C. § 2241 in the District Court, which was transferred to this Court pursuant to the REAL ID Act. Wood also filed a petition for review. The two matters have been consolidated. Wood has filed motions to stay his removal and to expedite his case. The government has filed responses to the stay motions, as well as a motion for summary action. Wood has also filed a "Reply Brief” which appears to be a response in opposition to summary action, as well as other documents in which he provides further argument.

. The record indicates a finding that Wood's mother was not a United States citizen until 1995.

. Wood argues that he is a United States citizen because he was born in the Canal Zone within a window of time during which certificates of citizenship were authorized. He relies on a prior version of 8 U.S.C. § 1101(a)(38), which, by his own description, concerned such certificates issued to “citizens of the United States.” As discussed, Wood has not shown that he is a citizen of the United States under 8 U.S.C. § 1403.